IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JULIE ELLEN EHLI,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

Civil No. 6:15-cv-00229-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Julie Ellen Ehli filed this action February 10, 2015, seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income benefits under Title XVI of the Social Security Act. This court has jurisdiction over plaintiff's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

Page 1 - FINDINGS AND RECOMMENDATION

The ALJ found Ehli disabled as of March 5, 2011. Tr. 31. Ehli alleges disability as of January 1, 1981. The parties agree that this matter should be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings before an administrative law judge ("ALJ"), a *de novo* hearing, and a new decision. Defendant Moves (#25) to Remand.

Plaintiff contends that, based on language used by the ALJ and Appeals Council in the decision, the Commissioner *de facto* reopened Plaintiff's July 1, 2009, application for disability benefits. Plaintiff seeks an Order requiring the Commissioner to consider the reopened application on the merits as part of the proceeding on remand. Defendant argues that the issue is moot because the Commissioner has agreed to vacate the decision on appeal.

I have considered all of the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's Motion (#25) should be granted and this case should be remanded for further administrative proceedings before an ALJ, a *de novo* hearing, and a new decision. On remand, the ALJ should obtain supplemental vocational expert testimony to determine whether there are a significant number of jobs in the national economy that plaintiff can perform.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the Administrative Law Judge found that Ehli did not engage in substantial gainful activity at any time following her alleged disability onset date of January 1, 1981. Tr. 33.

At the second step, the ALJ found that Ehli's medical impairments of depressive disorder not otherwise specified; posttraumatic stress disorder; degenerative disc disease; spondylosis;

fibromyalgia; chornic pain; peripheral vascular disease; and lumbar scoliosis were "severe" for purposes of the Act. *Id.* Because an impairment was deemed severe, the ALJ proceeded to the third step of the analysis.

At the third step, the ALJ found that none of Ehli's impairments was the equivalent of any of the impairments enumerated in 20 C.F.R. § 404, subpt P, app. 1. *Id.* The ALJ therefore properly conducted an assessment of Ehli's residual functional capacity. Specifically, the ALJ found that prior to March 5, 2011, Ehli had the capacity to perform sedentary work, except she could not climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She could perform frequent bilateral overhead reaching. She could not tolerate concentrated exposure to heights, hazards, or heavy equipment. She must have the option to sit or stand at will. She could have no public contact and only occasional coworker contact. Tr. 34.

At the fourth step of the five-step process, the ALJ found that Ehli had no past relevant work. Tr. 41. The ALJ relied on the testimony of a Vocational Expert (VE) that an individual with the RFC set out above could perform work as a hand packager, electronics worker, and sub assembler circuit board stuffer. Tr. 42. On that basis, the ALJ concluded that Ehli was not disabled as defined in the Act at any time between February 1, 2010, and March 4, 2011, and was disabled as of March 5, 2011. Tr. 43.

## ANALYSIS

The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision...made after a hearing." 42 U.S.C. § 405(g). A decision not to reopen a prior final benefits decision is discretionary and not a final decision, and therefore not subject to judicial

Page 3 - FINDINGS AND RECOMMENDATION

review. *Califano v. Sanders,* 430 U.S. 99, 107-09 (1977). Ehli asserts that the ALJ's favorable resolution of her most recent application for benefits constituted a *de facto* reopening of her July 1, 2009, application. *Lester v. Chater,* 81 F.3d 821, 827 n. 3 (9th Cir. 1995)(noting that a *de facto* reopening of a Commissioner's earlier decision can occur "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period.").

Ehli argues the Appeals Council *de facto* reopened the July 1, 2009, application by adopting the ALJ's conclusion "that the claimant was not disabled for the period from the alleged onset date of January 1, 1981 through March 4, 2011." Tr. 5, Plaintiff's Brief at 33. Ehli does not point to any place in the transcript that indicates the ALJ considered "on the merits" the issue of her disability prior to February 1, 2010. *Lester,* 81 F.3d at 827 n.3.

Here, the ALJ expressly noted his decision was '[b]ased on the application for supplemental security income protectively filed on February 1, 2010...." Tr. 43. The majority of the evidence considered by the ALJ was generated in 2010 and 2011. Tr. 36-38. On this record, the court should decline to find that the Commissioner reopened *de facto* Ehli's July 1, 2009, application.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's Motion (#25) for Remand should be granted and this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings before an ALJ, a *de novo* hearing, and a new decision. On remand, the ALJ should obtain supplemental vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Ehli can perform.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no Objections are filed, review of the Findings and Recommendation will go under advisement on that date. If Objections are filed, a response to the objections is due fourteen (14) days after being served with a copy of the Objections, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 24th day of March, 2016.

Honorable Paul Papak
United States Magistrate Judge